IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Frank D. Palumbo, | ) | Civil Action No.: 4:11-mc-02031-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sanford I. Weil, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Frank Palumbo ("Mr. Palumbo"), proceeding *pro se*, seeks an "order to show cause why non-party defendant Peter Palumbo should not be held in contempt for failing to comply with the subpoena for the production of documents United State[s] District Court issued from the District [of] Connecticut." [*See* Mot. for Contempt, Doc. # 1.] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] [R&R, Doc. # 4.] In her R&R, the magistrate judge recommends that Mr. Palumbo be warned that he may be held in contempt and/or sanctioned for any future attempts to present a document as a subpoena or an order of this court which was not issued by this court. [*Id.*] Further, the magistrate recommends that Mr. Palumbo be enjoined from serving or causing to be served any bogus documents purporting to be court orders; from issuing subpoenas, writs, processes, or judgments; and from failing to follow the standard procedure for having subpoenas issued and served in this district. [*Id.*] Mr. Palumbo timely filed objections to the R&R. [Obj., Doc. # 6.]

**Standard of Review**

The magistrate judge makes only a recommendation to the district court.  The

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). In the thirty-one pages of documents Mr. Palumbo styles as his "objections," Mr. Palumbo does not direct this Court to a

specific error. He simply addresses a subpoena from Connecticut, discusses actions committed in previous cases, and discusses background information that led to the current action. [*See* Obj., Doc. # 6, at 1–10.] *See Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same).

To the extent this Court considers the supposed objections lodged by Mr. Palumbo, he does not disagree with the magistrate's holding that the is subpoena is invalid and the motion for contempt should be denied because the signature on the subpoena at issue is not that of the Clerk or Deputy Clerk for the District of South Carolina. [*See* R&R, Doc. #4, at 2.] In fact, in his objections, Mr. Palumbo admits that "I had been to the United States District Court, Florence Division several months ago, and requested a subpoena for the production of documents and was denied by the Deputy Clerk, who had called the Chief Deputy Clerk at the United States District Court, District of Columbia to obtain authorization for issue the subpoena." [Obj., Doc. # 6, at 4.]

Therefore, this Court agrees that the signature on the South Carolina subpoena at issue is not that of the Clerk or Deputy Clerk for the District of South Carolina. Thus the subpoena is invalid and Mr. Palumbo's Motion for Contempt is denied.[2]

---

[2] This miscellaneous proceeding deals only with Mr. Palumbo's request for a Motion for Contempt, and not the issuance of a subpoena. Nonetheless, the Court notes that, according to the magistrate judge, Mr. Palumbo at one point attempted to procure a valid subpoena and was refused. [*See* R&R, Doc. #4, at 2 n.1.] The record is unclear as to whether Mr. Palumbo followed the correct procedure in attempting to secure a subpoena. As discussed by the magistrate, in the District of South Carolina, subpoenas may only be issued by duly-licensed

3

**IT IS THEREFORE ORDERED** that the Magistrate's R&R [Doc. # 4] is adopted, Plaintiff Frank Palumbo's Motion for Contempt [Doc. # 1] is **DENIED**, all other pending motions are **DENIED** as moot, and this miscellaneous matter is **CLOSED**.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
November 30, 2012

---

attorneys or by the Clerk of Court. *Pro se* parties are not permitted to issue subpoenas. *Pro se* parties, like Mr. Palumbo, who wish to seek a subpoena must file a motion explaining who the party wants to subpoena and why, and to what pending federal case the subpoena relates. At that point the Clerk can open a new miscellaneous proceeding for purposes of beginning the subpoena issuance process.

4